# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-201-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CORRECTIONAL OFFICERS ) | |
| PAYNE, ROBELO & CARNETT, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff is a prisoner of the State of North Carolina following his conviction for felony breaking and entering (principal). Plaintiff's projected release date is November 16, 2014.

In his pro se complaint, Plaintiff alleges that on June 6, 2013, Defendant Payne did not allow him to eat with his fellow inmates in retaliation for what Payne believed was a lie told by the Plaintiff regarding whether his cell door was locked or not. (Doc. No. 1 at 4). Plaintiff also contends that Payne prevented him from taking medication on that same day. Plaintiff complained to Defendant Carnett who responded by informing Plaintiff that he had violated prison policy by failing to report on time to eat. (Id.). Plaintiff asserts that if he is not allowed to eat before taking his medication he may suffer physical complications from his bowel condition. Plaintiff contends that his right to be free from cruel and unusual punishment was violated by the defendants combined actions.

1

In his claim for relief, Plaintiff seeks appointment of an attorney to assist him in this action, monetary damages for mental and physical injury and an investigation into the racial practices within the prison. (Id.).

## II. STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this initial review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

## III. DISCUSSION

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is

housed and the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte raising the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff states that he has fully exhausted his available state remedies within the state's administrative remedy procedure. However, the Court has examined the complaint and the record in this matter and it appears that Plaintiff has not in fact exhausted his administrative remedies. Plaintiff's complaint is dated July 2, 2013, and it was filed in this Court on July 10, 2013. In his statement regarding exhaustion, Plaintiff asserts that he filed a grievance on June 6, 2013, which is the date Plaintiff alleges his federal rights were violated, and Plaintiff insists that he filed another grievance on July 2, 2013. (Doc. No. 1 at 2).

In Plaintiff's Administrative Remedy Statement, the documents show that Plaintiff dated his written grievances to prison officials on July 2, 2013, which is the very day that he signed his

§ 1983 complaint. Plaintiff provides no evidence, however, as to the disposition of any of the written grievances by prison officials. (Doc. No. 4: Administrative Remedy Statement).

At best, it appears that Plaintiff has provided documentation to show that he participated in Step One of the three steps in the Administrative Remedy Procedure ("ARP") administered by the Division of Adult Correction of the Department of Public Safety ("DPS"). See N.C. Gen. Stat. §§ 118.1-118.9 (Article 11A).

The Court finds that based on Plaintiff's own statements and the documents filed in this action that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies before filing this § 1983 lawsuit. The Court will therefore dismiss Plaintiff's complaint without prejudice for failure to comply with the mandatory exhaustion requirement of the PLRA.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: August 14, 2013

Frank D. Whitney
Chief United States District Judge