UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-201-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CORRECTIONAL OFFICERS ) | |
| PAYNE, ROBELO, and CARNETT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of the Plaintiff's motion to amend his complaint and his motion for leave to take depositions.

Plaintiff, who is a prisoner of the State of North Carolina, filed a pro se complaint under 42 U.S.C. § 1983 alleging various causes of action against the defendants. (Doc. No. 1). The Court examined the complaint and determined that Plaintiff had plainly failed to exhaust his administrative remedies even though he stated in his complaint, and in his administrative remedy statement, which he verified, that he had done so before filing the complaint. In the latter document, (Doc. No. 4), Plaintiff attaches what appears to be Step One of the Three-Step Administrative Remedy Procedure, however there is no indication that he even received a response to his Step One grievance and, in any event, completion of Step One is insufficient to demonstrate exhaustion. See, e.g., N.C. Gen. Stat. §§ 148.1 – 148.9 (Article 11 A) (describing Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721-722 (4th Cir. 2008) (discussing three-step procedure). See also Jones v. Bock, 549 U.S. 199, 218 (2007) (providing that whether or not a prisoner has exhausted a claim shall be determined by the prison's requirements and not the PLRA).

1

Based on the foregoing, the Court dismissed Plaintiff's complaint without prejudice to his ability file another complaint upon his exhaustion of his administrative remedies. (1:13-cv-201-FDW, Doc. No. 7: Order, filed Aug. 15, 2013). In his motion to amend, Plaintiff offers no additional clues as to whether he has exhausted his administrative remedies and he appears to offer allegations that are merely conclusory and would not support a claim for relief in a § 1983 proceeding. Accordingly, the Court will deny the motion to amend. As there is no pending civil action, Plaintiff's motion for leave to take depositions will be dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to amend his complaint is **DENIED**. (Doc. No. 9).

2. Plaintiff's motion for leave to take depositions is **DISMISSED** as moot. (Doc. No. 12).

Signed: February 6, 2014

Frank D. Whitney
Chief United States District Judge